UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GOSZTYLA,<br><br>        Plaintiff,<br><br>    v.<br><br>AULD, et al.,<br><br>        Defendants. | No. 2:22-cv-01276-EFB (PC)<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), he has also filed an application to proceed in forma pauperis (ECF No. 2).

Application to Proceed In Forma Pauperis

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure ' 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading

in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

## Screening Order

Plaintiff's complaint alleges the following: For a period of time, plaintiff refused to be tested for Covid. ECF No. 1 at 3. Plaintiff believed that the testing was not being done in a safe and hygienic manner and feared a false positive test would result in his placement in a gymnasium full of sick inmates. *Id.* A sign reading "Failure to Test - 21 Day Medical Quarantine Required," was placed on his door. *Id.* at 3, 8. Plaintiff claims the 21-day quarantine period was "excessive" and "punitive." *Id.* at 4. He further claims that the sign on his door put him in "harm's way by making [him] a target to the rest of the inmate population." *Id.* Plaintiff has since complied with the testing requirement but only because he feared repercussions if he did not. *Id.* He also claims that he is tested too frequently. *Id.* From these allegations, plaintiff asserts the following claims: a violation of his right to privacy as established by the Health Insurance Portability and Accountability Act ("HIPPA"), violations of his rights under the Eighth Amendment, and a due process violation under the Fourteenth Amendment. *Id.* at 3, 4, 5. For the reasons stated below, the complaint fails to state a claim upon which relief could be granted.

As an initial matter, the court notes that there is no basis for a claim under HIPAA or the due process clause of the Fourteenth Amendment. Plaintiff cannot state a claim under HIPAA because HIPAA does not provide a private right of action. *See Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007). Further, plaintiff has not alleged he was deprived of a property or liberty interest that is protected by the Due Process Clause. *See Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997). The court cannot discern a basis for any due process claim on the facts alleged here.

As for the Eighth Amendment claim, it appears to be based on the allegations that (1) the posting on plaintiff's cell door coerced him to take the Covid tests, which are being administered too frequently; and (2) the 21-day quarantine was excessive. This court concurs with another magistrate judge in this court who previously screened out nearly identical allegations for failure to state a claim:

**a. Coercion to Test**

To state an excessive force claim, plaintiff must allege facts showing that he was subjected to excessive physical force that was applied "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (internal quotation omitted).

Plaintiff fails to state a claim for a number of reasons. Plaintiff fails to show that the cell door posting regarding his refusal to take a COVID test was done maliciously to coerce him to take the test rather than for the legitimate purpose of protecting correctional officers and others. Nor has plaintiff shown the testing itself amounted to excessive force. Plaintiff does not explain just what the tests entailed. At least one court has approved testing as invasive as a deep nasal swab. *See Wilcox v. Lancour*, No. 2:20-cv-0183, 2021 WL 230113 (W.D. Mich. Jan. 22, 2021).

Courts have held that prisons have legitimate reasons to conduct regular testing or prisoners for COVID-19. As explained recently by a Nebraska district court:

> [T]here can be little doubt that Defendants in the instant case had a legitimate penological purpose in testing the prison population for the SARS-CoV-2 virus. In the context of an Eighth Amendment challenge to precautions taken by a federal prison in the face of the COVID-19 pandemic, the Sixth Circuit has held that COVID-19 poses a substantial risk of serious harm to prison inmates, given the substantial risk of contagion to those housed in close-contact situations, such as prisons, as well as the serious risks to health and life when the disease is contracted. *See Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020) (recognizing the seriousness of both the transmissibility of COVID-19 in the prison setting and the health risks to individuals who contract the disease). Under these circumstances, Defendants had a legitimate—indeed compelling—governmental interest in testing all prisoners for the presence of the SARS-CoV-2 virus, in order to meet its obligations to control contagion and to protect its other prisoners and staff. *See Jolly v. Courghlin*, 76 F.3d 468, 477 (2d Cir. 1996) (holding that a prison had a compelling state interest in mandatory tuberculosis testing); *Dunn v White*, 880 F.2d 1188, 1195 (10th Cir. 1989) (holding that a prison had a legitimate penological interest in ascertaining the extent of contagion that justified coercive blood testing for AIDS); *Wilson v. Wilkinson*, 608 F. Supp. 2d 891 (S.D. Ohio 2007) (upholding state statute requiring mandatory DNA testing of prisoners against Fourth Amendment challenge); *see also McDougald v. Stone*, No. 1:17-cv-72, 2017 WL 8222430, at *5 (S.D. Ohio Aug. 22, 2017) (finding legitimate penological interest in mandatory blood-draw of prisoner who spit on officer).

*Webb v. Johnson*, No. 4:21-cv-3042, 2021 WL 2002712, at *6 (D. Neb. May 19, 2021).

Plaintiff fails to allege facts showing frequent COVID-19 testing was conducted maliciously and sadistically to cause harm or that he, in fact, suffered any harm from being required to test. While this court finds it very unlikely plaintiff can state a claim cognizable under § 1983 based on any coercion resulting from the posting, he will be permitted to amend his complaint to attempt to do so.

**b. Length of Quarantine**

Plaintiff's claim that a 21-day rather than a 14-day quarantine amounted to excessive punishment in violation of the Eighth Amendment does not amount to a cognizable claim under § 1983. Plaintiff fails to allege facts sufficient to show that the additional seven days in quarantine amounted to an "excessive risk of harm to his health or safety." *Cervantes v. Adams*, 507 F. App'x 644 (9th Cir. 2013) (citing *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Further, plaintiff does not provide any facts showing that defendants were responsible for the length of his quarantine. While, again, this court finds it unlikely plaintiff can state a claim regarding the length of his quarantine, he will be permitted to attempt to do so in any amended complaint.

*Fialho v. Auld*, No. 2:21-cv-1698-KJM-DB (E.D. Cal.), ECF No. 13 at 5-6.

<u>Leave to Amend</u>

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

5

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days of service of this order; and
4. Failure to comply with this order may result in dismissal of this action.

DATED: September 22, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6