UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GOSZTYLA, | No. 2:22-cv-01276-KJM-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| AULD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff initiated this action on July 19, 2022 (ECF No. 1) and filed his First Amended Complaint (FAC) on October 17, 2022. ECF No. 10. In his FAC, plaintiff alleges that defendants, all supervising medical staff at Mule Creek State Prison, violated his Fourteenth Amendment right to medical privacy and placed him at unreasonable risk of harm from other inmates in violation of the Eighth Amendment by placing him in a cell with a public sign indicating that plaintiff had refused to be tested for COVID-19, while also halting regular inmate programming until all inmates had complied with testing. *Id.* After screening the FAC, this court found that plaintiff had stated potentially cognizable Eighth and Fourteenth Amendment claims against all defendants. ECF No. 11. This court subsequently issued a discovery and scheduling

1

order, which required plaintiff to file any motion seeking leave to further amend his complaint no later than May 3, 2024.  ECF No. 35.

Plaintiff now timely moves to compel further response to interrogatories from defendants Auld and Hla, a motion that defendants have opposed.  ECF Nos. 34 and 36.  Plaintiff also moves for an extension of time to file a motion for leave to amend his complaint.  ECF No. 40.  For the following reasons, plaintiff's motions are GRANTED.

### I. Motion to Compel

#### a. Legal Standard

Parties are obligated to respond to interrogatories to the fullest extent possible under oath. Fed. R. Civ. P. 33(b)(4).  Any objections must be stated with specificity.  Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable.").  A responding party is typically not required to conduct extensive research in order to answer an interrogatory, but reasonable efforts to respond must be undertaken.  *L.H. v. Schwarzenegger*, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).  Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction.  Fed. R. Civ. P. 26(e)(1)(A).

A motion to compel is appropriate when a party fails to provide responses to interrogatories submitted under Rule 33.  Fed. R. Civ. P. 37(a)(3)(B).  An evasive or incomplete answer or response to a discovery request "must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P 37(a)(4).

#### b. Analysis

In plaintiff's motion, he seeks to compel defendants Auld and Hla, the lead nurse and lead doctor at Mule Creek at the relevant time, to respond to his interrogatories propounded on September 11, 2023.  ECF No. 34.  Both defendants objected to plaintiff's interrogatories on various grounds, and neither one provided any response to any of the interrogatories.  ECF No. 34 at 10-22.  After the parties met and conferred, and plaintiff clarified the interrogatories at defendants' request, defendants supplemented their responses, but for the most part continued to

2

not provide responses to the interrogatories. *Id.* at 26-29.[1]

Defendants oppose plaintiff's motion on the ground that plaintiff did not specifically identify which interrogatories to which he seeks to compel further responses. This argument may be quickly dismissed; plaintiff's pleadings clearly demonstrate that he is seeking responses to all of his interrogatories that remain unanswered.[2] ECF Nos. 34 and 39.

As stated *supra*, parties are obligated to respond to interrogatories to the fullest extent possible under oath. Fed. R. Civ. P. 33(b)(4). Defendants have refused to respond substantively to nearly all of plaintiff's interrogatories, and their argument that plaintiff has not adequately addressed their objections to each interrogatory is without merit. The court has reviewed all of the interrogatories at issue; they are generally simply worded, direct, and easy to understand; in addition, they were clarified after the meet and confer process, and defendants still, with limited exceptions, provided no responses. The court has also reviewed defendants' objections, and they are often little more than boilerplate objections of vagueness, ambiguity, overbreadth and undue burden. For example, Interrogatory No. 1 to defendant Auld states as follows: "How many positive COVID cases have there been at Mule Creek State Prison on C-Yard?" ECF No. 34 at 11. Defendant refused to answer, based in part on her objection that the interrogatory is vague as to the terms "positive COVID cases" and "C-Yard." Defendant's vagueness objection is not well-taken, as it seems clear that a "positive COVID case" is a case where an inmate tests positive for COVID, and "C-Yard" refers to a part of the prison. Defendant also objects that the request is "argumentative" and, incomprehensibly, that it "impermissibly seeks information relating to inadmissible propensity evidence and non-discoverable collateral matters."

---

[1] Defendants did not respond but with a qualification that the response was subject to and without waiving their objections; rather, they simply refused to provide a response to the majority of the interrogatories.

[2] After the meet and confer process, defendant Auld provided a response to Interrogatory No. 5 and defendant Hla provided a response to Interrogatory No. 9. Specifically, defendant Auld responded that she "was not involved with deciding policies and procedures concerning MCSP inmates and COVID-19 between March 2020 and March 2021." ECF No. 34 at 26. Defendant Hla also responded that he "was not involved with deciding policies and procedures concerning MCSP inmates and COVID-19 between March 2020 and March 2021." ECF No. 34 at 28. Defendant Hla also supplemented his responses to Interrogatories 8-11 on April 10, 2024, after this motion had been briefed. ECF No. 40 at 4-9. The court is not aware of any further responses by defendants.

As to defendants' recurrent objections that the relevant information would be too "burdensome" to find, parties are required to conduct a reasonable effort to respond to interrogatories. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Here, defendants for the most part simply refused to respond, with no indication whether they had first conducted any sort of reasonable effort to substantively respond. Similarly, defendants frequently object on admissibility grounds, but admissibility is not a pre-requisite for discoverability. Fed. R. Civ. P. 26(b). Accordingly, plaintiff's motion to compel responses to his interrogatories served on defendants Auld and Hla is granted.

## II. Motion for Extension of Time

Plaintiff has also filed a motion for an extension of time to file a motion for leave to file an amended complaint. ECF No. 40. This court had previously ordered that any such motion be filed by May 3, 2024. ECF No. 35. Plaintiff bases his motion on defendants' limited responses to his interrogatories, and his pending motion to compel. Plaintiff maintains that a primary reason for his interrogatories was to discover the identity of possible other defendants he could name in an amended complaint, and that without complete answers to his interrogatories, he is unable to file a motion for leave to file an amended complaint at this juncture.

For good cause shown, plaintiff's motion for an extension of time to file an amended complaint is granted.

## III. Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's motion to compel (ECF No. 34) is GRANTED. Within fourteen days of the date of this order, the parties shall meet and confer regarding the interrogatories to which defendants have not provided a substantive response, and defendants shall supplement their responses within seven days thereafter in accordance with this order and the applicable law.

/////

/////

/////

2. Plaintiff's motion for an extension of time to file a motion for leave to file an amended complaint is GRANTED. Any such motion shall be filed within 30 days of the date of this order.[3]

Dated: May 29, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Any motion to amend must be accompanied by a proposed amended complaint that is rewritten or retyped so that it is complete in itself without reference to any earlier-filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier-filed complaint, and once an amended complaint is file, the earlier-filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997).