UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD GOSZTYLA,

    Plaintiff,

v.

AULD, et al.,

    Defendants.

No. 2:22-cv-01276-KJM-EFB (PC)

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel this action brought under 42 U.S.C. § 1983. Currently before the court are plaintiff's motions for an extension of time to oppose defendants' motion for summary judgment (ECF Nos. 56, 57), for screening of the second amended complaint (ECF No. 57), and for appointment of counsel (ECF No. 55).

District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Plaintiff has failed to show

1

exceptional circumstances.

Plaintiff has filed an opposition to the motion for summary judgment and thus his motions for extension of time are moot.

Plaintiff's amended complaint continues to state potentially cognizable Eighth and 14th Amendment claims against defendants Malet, Hla, and Auld regarding the placement of a sign on plaintiff's cell stating his failure to test for Covid-19. ECF No. 45; *see* ECF No. 11 (order screening the first amended complaint). To these claims, plaintiff has added a defendant identified as "California Correctional Health Care Services Interim Guidance for Health Care and Public Health Providers" or "CCHCS IGHCPHP". Plaintiff describes this defendant as "the overseeing entity for healthcare" at the California Department of Corrections and Rehabilitation. *Id.* at 2. Plaintiff seeks to add this defendant because defendant Hla, in responding to plaintiff's discovery requests, stated that "the CCHCS IGHCPHP required staff to place visible signage outside of an inmate's room and/or cell if the inmate failed to test for Covid-19." *Id.* at 5.

"CCHCS IGHCPHP" refers to a policy promulgated by California Correctional Health Care Services ("CCHCS"), which is a state agency. *See* "COVID-19 and Seasonal Influenza: Interim Guidance for Health Care and Public Health Providers," https://cchcs.ca.gov/covid-19-interim-guidance/ (last checked April 14, 2025). As a policy cannot be a defendant, the court presumes that plaintiff wishes to sue CCHCS. However, as a state agency, CCHCS enjoys immunity from suit under the 11th Amendment. *Davis v. Bobbla*, 2:22-cv-1658 TLN DB P, 2023 USDL 155455, at *11 (ED Cal, 8/31/23). Accordingly, plaintiff has not stated a viable claim against CCHCS.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motions for extension of time (ECF Nos. 56, 57) are DENIED as moot;
2. Plaintiff's motion for appointment of counsel is DENIED;
3. Plaintiff's request that the court screen the second amended complaint (ECF No. 57) is GRANTED. The second amended complaint states potentially cognizable claims against defendants Hla, Malet, and Auld. As these defendants have already responded to the complaint (ECF Nos. 49, 54), no further response is necessary.

It is further RECOMMENDED that plaintiff's claim against "CCHCS IGHCPHP," construed as a claim against California Correctional Health Care Services, be dismissed without leave to amend as barred by the 11th Amendment.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 12, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE